## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01948-PAB-MEH

COLORADO SPRINGS ORTHOPAEDIC GROUP, a Colorado general partnership; COLORADO SPRINGS SPINE, P.C., a Colorado professional corporation; COLORADO SPRINGS ORTHOPAEDIC GROUP 401(k) PROFIT SHARING PLAN; JAMES M. BEE, M.D., an individual; ROGER D. SUNG, M.D., an individual,

Plaintiffs,

v.

ASHLEY A. WIECHMANN, CPA, an individual; WIECHMANN & ASSOCIATES, P.C., a, Colorado professional corporation; and WIECHMANN, BOYCE & ASSOCIATES, LLP, a Colorado limited liability partnership

Defendants.

## PROTECTIVE ORDER

Pursuant to the Revised Joint Motion for Protective Order filed by the parties, the Court hereby Orders as follows:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information that is disclosed in this matter pursuant to (a) the disclosure or discovery duties created by the Federal Rules of Civil Procedure; (b) agreement of the parties; and/or (c) orders of the Court.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. One who provides, serves, discloses or files any nonpublic documents or information in connection with this action, and who in good faith believes any such document or information contains nonpublic personal, private, financial, mental health, medical, social services, proprietary information, trade secrets, or other competitively sensitive information, or other confidential research, development or commercial information, or other information implicating privacy interests or proprietary interests of either the Plaintiffs, or the Defendants, or any other person, may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

   a. attorneys involved with the litigation;

   b. persons regularly employed by, or contracted with, or associated with the attorneys involved with the litigation whose assistance is deemed required by said attorneys in the preparation for trial or other proceedings in this case;

   c. the parties and designated representatives of entity parties, as well as their insurers and reinsurers;

   d. deponents, consultants, and witnesses (both lay and expert) who execute the attached Exhibit A;

   e. the Court and its employees ("Court Personnel");

        f.      stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

        g.      witnesses or potential witnesses who execute the attached Exhibit A;

        h.      copying / scanning services and their employees who will, or who may be, asked to work with counsel to reproduce, organize, image or otherwise work with materials produced in this action;

        i.      Mediators;

        j.      Persons agreed-to by and between the parties, provided that such persons execute the attached Exhibit A.

5.      Except as specified herein, no Confidential Material shall be disclosed to anyone other than the persons set out in ¶ 4 (above) and then in accordance with the conditions set out (*e.g.*, the execution of Exhibit A, where identified). When the disclosure of Confidential Material to a person listed in paragraph 4 above as needing to execute Exhibit A is made, counsel making the disclosure of information shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any re-disclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is prohibited. This Protective Order is executed

with the intention that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

7.   Nothing in this Protective Order shall limit or prevent any party from using any Confidential Material to address, respond to, or defend against any inquiry, investigation, claim or formal proceeding by any governmental or regulatory entity including, but not limited to the Colorado Supreme Court's Attorney Regulation Counsel or the Colorado Society of Certified Public Accountants.  Given the confidential nature of matters before Attorney Regulation Counsel and other entities, no party shall be obliged to notify or otherwise inform the other parties of the intended or actual use of Confidential Material in addressing, responding to or defending against any action, proceeding or investigation contemplated by this paragraph, provided the party designates the material as "Confidential" in such action, proceeding or investigation.

8.   All copies of materials designated as Confidential Material shall be stamped to indicate the protected and confidential nature of the disclosed information.  Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production.  The inadvertent, unintentional, or in camera disclosure of Confidential Material shall not, in and of itself, be deemed a waiver, in whole or in part, of any claims of confidentiality.

9.   Counsel to the parties are required to advise, instruct and supervise all associates, staff, contractors, and employees of counsel to keep designated Confidential Material

confidential. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

10. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

11. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, upon prompt written notice of the designation to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Any deposition exhibits designated confidential shall also be marked accordingly.

12. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within fifteen (15) days of receiving the written notice of

5

objection. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Material and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

13. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).

14. After the conclusion of this case and after the document retention period of the attorneys of record or their clients, unless other arrangements are agreed upon, each document

and all copies thereof designated as Confidential shall be destroyed, any electronic copies deleted, and all media back-ups destroyed.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.  Nothing in this Order shall require production of any documents or information to the extent that the production is prohibited by law.

17.     The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, or deemed Confidential under this Protective Order, will not be deemed a waiver of a party's claim to its privileged or protected nature or estop that party from designating the information or document as Confidential.  Any party receiving any such information or document shall return it upon request from the producing party within five (5) business days of the request, regardless of whether the receiving party agrees with the claim confidentiality or privilege.

Dated at Denver, Colorado, this 8th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

7